RINGLAND, J., dissenting.
{¶ 48} I agree with the majority as to the claims against Hembree and Officer Hatfield. However, I disagree with the conclusion that summary judgment was appropriate with respect to the claims made against Lieutenant Massey.
{¶ 49} The Ohio Supreme Court has said that ordinarily the question of whether conduct was reckless is properly left for a jury. Kurz v. Great Parks of Hamilton Cnty ., 2016-Ohio-2909, 65 N.E.3d 96, ¶ 26, citing Fabrey v. McDonald Village Police Dept ., 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994). In the present case, reasonable minds could reach differing conclusions as to whether Lieutenant Massey's actions or omissions qualified as recklessness.
{¶ 50} According to Lieutenant Massey, while he was driving down the bike path and looking into the river, he noticed two individuals coming up from the river. Based on circumstances such as a "normal gait, steady gaze" and the fact that one of the individuals was carrying a fishing rod, Lieutenant Massey determined that they were not witnesses, victims, or suspects. Without knowing who or why someone had called for help, the decision to not take any time to speak to those two individuals is confounding. Any number of questions could have shed light on the developing situation: (1) had they heard anything, (2) did they observe any other person or people near the river, (3) was the cry for help a result of an assault or robbery, (4) were the two individuals somehow involved or implicated?
{¶ 51} Even a brief exchange with the two individuals could have shed light on the situation and could have either allayed or triggered Lieutenant Massey's concerns. Instead, the record reflects that Lieutenant Massey did not speak with those individuals and eventually "cleared" the call and notified dispatch to inform the Middletown Dispatch that there may be a person floating downstream. As a result of Lieutenant Massey's failure to investigate or even question these two individuals, we will never know if they had any information that would have been useful in the investigation. Lieutenant Massey's conscious decision to disregard those individuals, despite the failure to identify the cries for help, ultimately resulted in disciplinary action by his department. Since there are disputed issues of fact, a jury should decide the issue of whether Lieutenant Massey's conduct was reckless. Because the decision to affirm summary judgment does not allow the disputed issues to be resolved by a jury, I must respectfully dissent.